IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN J. FREEMAN,

        Petitioner,

v.

STEVEN FRANKE,

        Respondent.

Civil No. 1:11-cv-00425-PA

OPINION AND ORDER

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On May 16, 2002, a Lane County grand jury issued a superseding indictment charging petitioner with twelve counts each of Sodomy in the First Degree and Sexual Abuse in the First Degree, six counts of Using a Child in Display of Sexually Explicit Conduct, five counts of Encouraging Child Sexual Abuse in the First Degree, and one count of Sodomy in the First Degree for a total of 36 charges. Resp. Exh. 103. After plea negotiations, on June 4, 2003, petitioner signed a Petition to Consent to be Found Guilty by Stipulated Facts Trial as to 17 of the charges against him. Resp. Exh. 104. The trial judge accepted the Petition, and found petitioner guilty of the agreed charges. Resp. Exh. 106. The trial judge sentenced petitioner to a consecutive sentences totaling 1,240 months (103 years) of imprisonment. Resp. Exhs. 101, 107 p. 3.

Petitioner filed a direct appeal in which he asserted two assignments of error: (1) was petitioner's 103 year sentence unconstitutionally cruel, unusual and/or disproportionate; and (2) did the trial court err in imposing sentence pursuant to Or. Rev.

2 - OPINION AND ORDER -

Stat. § 137.124 (Ballot Measure 11). Resp. Exh. 104, p. 4. The Oregon Court of Appeals affirmed without opinion, and the Oregon Court of Appeals denied review. *State v. Freeman*, 203 Or. App. 808, 129 P.3d 803, *rev. denied*, 340 Or. 483, 135 P.3d 318 (2006).

Petitioner then filed a petition for state post-conviction relief ("PCR") alleging trial counsel provided ineffective assistance of counsel in several respects. Resp. Exh. 112. Following an evidentiary hearing, the PCR trial judge denied relief. Resp. Exh. 129. On appeal, petitioner's appellate counsel filed a brief in accordance with *State v. Balfour*, 311 Or. 434 (1991).[1] Resp. Exh. 130. Petitioner did not avail himself of the opportunity to submit a section B argument. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court

---

[1] Under *Balfour* appellate counsel need not withdraw from a case if he or she determines that no meritorious issues exist on appeal. To avoid violating the ethical requirement that an attorney may not advance frivolous claims, the Oregon Supreme Court set out a series of standards with which appellate counsel must comply when confronted with this situation. *Id*. Accordingly, a *Balfour* brief contains two sections. Counsel files a "Section A" which contains the facts and the basis for jurisdiction. Importantly, "Section A . . . shall contain no assignments of error or argument." *Id.* at 451. If the appellant seeks to raise issues with the appellate court, the appellant files a "Section B" containing the arguments that counsel considers frivolous but the appellant wishes to advance. *Id.* at 452. Then the court considers these issues in the "same manner as it considers and decides issues that are raised in any other direct criminal appeal." *Id.* at 452-53. In this way, appellate counsel may avoid advancing frivolous claims and violating ethical rules, and an appellant is able to have his claims heard. *Id.*

3 - OPINION AND ORDER -

denied review. *Freeman v. Nooth*, 239 Or. App. 187, 245 P.3d 710 (2010), *rev. denied*, 349 Or. 601, 248 P.3d 419 (2011).

On April 4, 2011, petitioner filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this court. The court appointed counsel to represent petitioner, and currently before the court is petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. In it, petitioner alleges three claims for relief:

> **Ground One:** Violation of the Sixth Amendment to the United States Constitution Ineffective Assistance of Trial Counsel.
> **Supporting Facts:** Trial counsel failed to have petitioner evaluated by a psychologist to determine whether petitioner met the standards for a defense of guilty except for insanity under Oregon law.
>
> **Ground Two:** Violation of the Sixth Amendment to the United States Constitution Ineffective Assistance of Trial Counsel.
> **Supporting Facts:** Trial counsel advised, permitted, and encouraged a stipulated facts trial, and corresponding waiver of trial rights, when, due to his limited mental functioning, petitioner was not able to make a knowing, voluntary, and intelligent waiver of the trial rights inherent in a stipulated facts trial, as required by the Fourteenth Amendment to the United States Constitution.
>
> **Ground Three:** Violation of the Fourteenth Amendment to the United States Constitution Competency.
> **Supporting Facts:** Petitioner's stipulated facts trial occurred in violation of the Fourteenth Amendment to the United States Constitution, as applied in *Drope v. Missouri*, 420 U.S. 162 (1965) and *Pate v. Robinson*, 383 U.S. 375 (1966), because petitioner was not competent to stand trial.

4 - OPINION AND ORDER -

Respondent contends habeas relief should be denied on all three claims because all are procedurally defaulted. Petitioner concedes procedural default, but in the counseled Brief in Support of Amended Petition for Habeas Corpus, petitioner argues the procedural default of the ineffective assistance of counsel claim alleged in Ground Two should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Petitioner does not address the remaining two grounds for relief.

## **DISCUSSION**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If a state prisoner procedurally defaults on a claim in state court, a federal court will not review the claim unless the state prisoner shows cause for the procedural default and actual prejudice from it, or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

5 - OPINION AND ORDER -

Here, petitioner presented numerous claims of ineffective assistance of trial counsel to the PCR trial court. Petitioner did not, however, include a claim that trial counsel denied him the right to effective assistance of counsel by advising him to submit to a stipulated facts trial despite his diminished mental capacity, which prevented a knowing and voluntary waiver of his rights. Petitioner concedes he procedurally defaulted this claim by failing to assert it to the PCR trial court. However, petitioner argues the default is attributable to the deficient performance of his PCR trial counsel and, as such, the default should be excused.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman*, 501 U.S. at 753-54 (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 1315. The Court concluded that "[i]nadequate assistance of counsel at initial-review collateral proceedings may

6 - OPINION AND ORDER -

establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

In order to satisfy *Martinez*, a habeas petitioner must show (1) the underlying ineffective assistance of trial counsel claim is substantial; (2) the petitioner had ineffective counsel during the state collateral proceeding; (3) the state collateral proceeding was the initial review proceeding for the claim; and (4) state law required the petitioner to bring the claim in the initial review proceeding. *Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013); *Clabourne v. Ryan*, 745 F.3d 362, 375-78 (9th Cir. 2014); *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir.), *motion to vacate den.*, 744 F.3d 1147 (9th Cir. 2014); *Miles v. Ryan*, 713 F.3d 477, 494 (9th Cir.), *cert. denied*, 132 S.Ct. 519 (2013).

When determining whether an ineffective assistance of counsel claim is "substantial" under the first requirement of *Martinez*, this court must determine if the claim has "some merit." *Martinez*, 132 S.Ct. at 1318. Like the standard for issuing a certificate of appealability, "substantiality" requires the petitioner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (internal quotations omitted), *cert.*

7 - OPINION AND ORDER -

*denied*, 134 S.Ct. 2662 (2014). "Stated otherwise, a claim is 'insubstantial' if 'it does not have any merit or . . . is wholly without factual support.'" *Id.* at 1245 (quoting *Martinez*, 132 S.Ct. At 1319).

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). To prove deficiency of performance, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness.'" *Taylor*, 529 U.S. at 390-91 (quoting *Strickland*, 466 U.S. at 688). "To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694).

The Supreme Court has applied this two-part analysis to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). The prejudice prong of *Strickland* in the

8 - OPINION AND ORDER -

plea context requires a petitioner to "show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S.Ct. at 1384. To satisfy this standard, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Lafler*, 132 S.Ct. at 1384. The same standard applies to a stipulated facts trial. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243-44 (9th Cir.) (applying *Strickland* to ineffective assistance claim arising out of stipulated facts trial), *cert. denied*, 546 U.S. 944 (2005); *Gagliano v. Mazur-Hart*, 2009 WL 736628, *5 (D.Or., March 16, 2009) (in proving prejudice, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have agreed to a stipulated facts trial and would have insisted on proceeding with a jury trial).

Petitioner argues *Martinez* should be applied to excuse the procedural default of his claim that counsel was ineffective in advising petitioner to submit to a stipulated facts trial despite petitioner's diminished mental capacity which prevented a knowing and voluntary waiver of his rights. Whether this court reviews petitioner's ineffective assistance claim to determine if it is "substantial" under *Martinez*, or *de novo* on the merits, habeas relief is not warranted. *See* 28 U.S.C. § 2254(b)(2) permitting

court to deny petition on the merits notwithstanding failure to exhaust).

Although petitioner did not directly raise his ineffective assistance claim in the PCR trial court as he failed to allege the claim in his PCR petition, petitioner's PCR trial attorney nonetheless attempted to address petitioner's ability to understand the nature of the stipulated facts trial under the guise of a claim that counsel failed to accurately advise petitioner about the prospective length of incarceration. Counsel argued that petitioner did not understand the documents he was signing for the stipulated facts trial and that petitioner did not have the capacity to understand what was taking place.

In his deposition and in the evidentiary hearing conducted in the state PCR proceeding, petitioner testified that his criminal attorney advised him that if he consented to a stipulated facts trial, he would be out of jail "in two weeks." Resp. Exh. 124, p. 11 and Resp. Exh. 126, p. 14. Petitioner also testified that he "just signed whatever [his attorney] asked [him] to," and that he did not understand what he was signing and what it meant. Resp. Exh. 126, p. 14. He testified that he only signed the stipulation because he thought it meant he would be released in two weeks. Resp. Exh. 126, p. 16. The record, however, belies petitioner's testimony.

10 - OPINION AND ORDER -

In an affidavit submitted to the PCR trial court, petitioner's criminal trial counsel addressed petitioner's claim he did not understand the consent to a stipulated facts trial and thought he would be released in two weeks:

> [Petitioner] was at times a difficult and demanding client. Upon my first contacts with [petitioner], he appeared "normal" and capable of speaking and easily assisting his defense. However, when he learned the severity of the charges and potential consequences, he quickly modified his strategies. He became a recluse as he attempted to mentally withdraw from the criminal process.
>
> Ultimately, I never felt he suffered from any type of mental disease and defect that would curtail, inhibit, or limit his capacity to aid and assist. However, because of the unfortunate developments in Post Conviction Relief I felt compelled to ask for an aid and assist evaluation at the State Hospital where he was in fact sent for an evaluation. As I completely suspected and believed, [petitioner] had personality disorder issues . . . but did not have any problems or difficulties understanding the nature of the charges, criminal process, or potential for trial or change of plea.
>
> * * *
>
> I never told petitioner that he would be out of jail in two weeks. This IS what [petitioner] insisted occur. I continuously told him that his request would never occur unless a miracle occurred in his case.
>
> * * *
>
> I do not remember what I told him about the likely "exact" amount of time that he could be incarcerated; fortunately, I always provide my clients with a sentencing grid block; he and I would have gone over all of his charges and their potential consequences. Basically, I would have told [petitioner] that he could literally spend the rest of his life in prison based upon the multiple victims, extreme nature of the sexual

11 - OPINION AND ORDER -

> crimes, his total lack of remorse, vulnerability of the child victims, etc. We would have gone over all mitigating factors along with the elevating aggravating factors of which there were many.

Resp. Exh. 125, pp. 1-2, 4 (emphasis in original).

At the underlying stipulated facts trial, the trial judge engaged in a lengthy colloquy with petitioner and his attorney about the nature of the proceedings and petitioner's understanding thereof. The judge first described discussions which took place before going on the record:

> THE COURT: We have been engaged in talking about this case this afternoon and the parties have reached a resolution. And I want to state a couple of things on the record before we get started.
>
> I have discussed with [petitioner] his right to a jury trial, and I have explained to him what a stipulated facts trial is and we will go over that again. But [petitioner] executed in my presence the stipulation in the petition that we will file today. It is seven pages in length.
>
> [Petitioner] went over it with [the prosecutor] and [the Court] absent. I know he's been over it with [his attorney] before, and he went over it today with his [attorney's investigator], and then some, after that with [his attorney]. And there have been a couple of things that were stricken from the stipulation based upon those conversations that [petitioner] had with them.
>
> * * *
>
> Now, Mr. Freeman, I guess I'll just say out loud for the record so that it's clear. It's clear to me today that you understand what I'm telling you and you are able to respond to my questions but that you aren't happy with your options. I just wanted to say that. It's clear that you aren't happy with the choices in

12 - OPINION AND ORDER -

> this case and I don't think anyone blames you for not being happy with those choices.
>
> But within – having said that, I know that it's been a hard decision for you to decide what to do, and I'm not going to go over this in any great detail because we've gone over it before off the record and you've gone over it with your lawyers. But I have here the petition to consent to be found guilty by stipulated facts trial that you have signed.

Resp. Exh. 106, p. 3-5. The trial judge went on to confirm that petitioner had read the petition and his lawyer had read it out loud to him, that there were some changes to the petition that the parties had agreed to do, and that petitioner understood that a stipulated facts trial meant petitioner was waiving his right to a jury and that no witnesses would be called. Resp. Exh. 106, pp. 5-9.

Following the trial judge's colloquy with petitioner, petitioner's trial attorney offered his opinion as to petitioner's understanding:

> COUNSEL: Judge, I have represented [petitioner] for almost a year or more. Year plus. And in that time frame, both [my investigator] and I have handled his case. . . . [W]e have had numerous contacts with [petitioner].
>
> On some of those occasions, we've had excellent conversations and contacts, and on some of those occasions we haven't. [Petitioner] was sent to the Oregon State Hospital based upon an order signed by Judge Karsten Rasmussen for an aid and assist evaluation. The first report came back that he possibly wasn't capable of aiding and assisting and that they would keep him there for observation.

13 - OPINION AND ORDER -

>    After further observation, that assigned doctor determined that [petitioner] was clearly capable of aiding and assisting and actually found that he was most likely capable of aiding and assisting all along except that he was highly manipulative, distortive of the facts and his situation, and essentially [in] a high level of denial.
>
>    We brought [petitioner] back, of course, and at that point, we began to talk to him again. We went over on numerous occasions since he has returned from the state hospital his constitutional and statutory right to a trial. We have explained to him that he could call witnesses on his behalf, cross-examine any of the State's witnesses, present evidence, [and] attack the foundations of the State's evidence.
>
>    He could make motions pretrial that would be to strike the indictment for statutory or constitutional flaw. That he [could ask] for a judgment of acquittal halfway through the trial after the State rests and also to present his own witnesses and to make another motion for dismissal. And also, if he was found guilty, to ask for a retrial based upon statutory or constitutional violations before it was appealed.
>
>    He, at various times, has agreed that he never wanted to go to trial and that [it] would be a good recommendation to accept to go forward on a stipulated facts trial.

Resp. Exh. 106, pp. 13-14.

Based on the evidence in the record, trial counsel would not reasonably have had a good faith basis to believe petitioner was not capable of knowingly and voluntarily waiving his rights and consenting to a stipulated facts trial. Petitioner cannot establish that reasonable jurists could debate whether this is so. Accordingly, petitioner has not established under *Martinez* that the claim alleged in Ground Two is a "substantial" claim and that

14 - OPINION AND ORDER -

PCR trial counsel was ineffective in not alleging it in the PCR petition, and petitioner's procedural default is not excused. Alternatively, the claim does not warrant habeas relief on its merits. Because petitioner has made no showing as to what evidence he could develop in an evidentiary hearing to support his claims, his request for an evidentiary hearing is denied.

Finally, as noted, petitioner did not directly address the remaining two grounds for relief in his Brief in Support. Consequently, petitioner has not met his burden of proof with respect to these claims. Notwithstanding this failure, the court has reviewed petitioner's unargued claims on the existing record and finds that they do not entitle him to habeas corpus relief.

### CONCLUSION

For these reasons, the court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action.

The court DENIES a certificate of appealability as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26 day of September, 2014.

_Owen M. Panner_
Owen M. Panner
United States District Judge

15 - OPINION AND ORDER -